1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

11

MARCUS STRAIGHT,

        Plaintiff,

12

        v.

13

APPROVED FEDERAL SAVINGS BANK; et
al.,,

14

15

        Defendant.

Case No. 05-5187

ORDER DENYING FRCP 12(b)(6)
MOTION TO DISMISS

16     This matter comes before the Court upon motion of Defendant Escrow U.S.A., Inc. to

17 dismiss pursuant to Fed. R. Civ. P. 12 (b)(6).  Plaintiff brings this action seeking to quiet title on any

18 and all outstanding claims held against Plaintiff's home.  Plaintiff alleges several theories claiming

19 that Plaintiff was fraudulently induced to sign documents purporting to be a mortgage and loan

20 application when the documents were actually a conveyance, an escrow agreement, and a negotiable

21 instrument.   Plaintiff further alleges that Defendants took part in unfair debt collection practices.

22 Having considered the motion to dismiss, the papers on file herein, and notwithstanding Plaintiff's

23 failure to respond, the Court finds for the reasons set forth below, that Defendant's motion to

24 dismiss is DENIED.

25

26 ORDER - 1

I.

A Fed. R. Civ. P. 12(b)(6) motion to dismiss tests the legal sufficiency of the claim or claims stated in the complaint. The complaint must be construed in the light most favorable to plaintiff. *Russell v. Landrieu,* 621 F.2d 1037, 1039 (9th Cir. 1980). The court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from these facts. *NL Indus, Inc. v. Kaplan,* 792 F.2d 896, 898 (9th Cir. 1986). Material allegations must be accepted as true no matter how improbable they may seem and without regard to any potential difficulties in proof. *Allison v. California Adult Authority,* 419 F.2d 822, 823 (9th Cir. 1969). The court need not however, accept as true allegations that contradict matters properly subject to judicial notice that are conclusory or mere legal conclusions, that are unwarranted deductions of fact or unreasonable inference, *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-55 (9th Cir. 1994); *Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir. 1981), or that are contradicted by exhibits to the complaint. *Durning v. First Boston Corp.,* 815 F.2d 1265, 1267 (9th Cir. 1987). Even so, the motion may not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Moore v. City of Costa Mesa,* 886 F.2d 260, 262 (9th Cir. 1989). Should the court decide to dismiss a claim pursuant to FRCP 12(b)(6), "a district court should grant leave to amend even if no request to amend the pleading was made unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States,* 58 F.3d 494, 497 (9th Cir. 1995).

II.

On December 28, 2001, Plaintiff entered into a consumer mortgage refinance transaction with Approved Federal Savings Bank using his home to secure the interest. Plaintiff alleges that he was fraudulently induced to sign documents purporting to be a mortgage and loan application when

ORDER - 2

1    in fact, the documents were a conveyance, an escrow agreement, and a negotiable instrument.  As

2    such, Plaintiff was no longer afforded the protections under a mortgage.  Plaintiff contends that

3    Defendant knew of the falsity of the Banks representations, or was recklessly ignorant of their truth.

4    Defendant denies having any knowledge of the Bank's wrongdoing and further denies being a

5    participant in any criminal activity.

6         As an additional cause of action, Plaintiff alleges Defendant breached its fiduciary duty.

7    Defendant denies said breach because they did not employ attorneys to draft documents nor any

8    negotiable instruments and did not misrepresent any facts.  Nor did Defendant induce Plaintiff to sign

9    any document or instrument without Plaintiff's consent and acknowledgment.   Defendant further

10   contends that its role is not as an advocate or representative for either party.

11                                              III.

12        An escrow agent serves a neutral depository for the monies and documents involved in a real

13   estate deal.  *TRW Title Ins. Co. v. Sec. Union Title Ins. Co.,* 153 F.3d 822, 829 (7th Cir. 1998).  The

14   fiduciary duties owing a principal by an escrow agent are defined by the escrow instructions which

15   the agent is obliged to follow strictly.  *D. Jean Pope v. Savings Bank of Puget Sound,* 850 F.2d

16   1345, 1350 (9th Cir. 1988).  The legal relationship between the parties to the real estate deal and the

17   escrowee is detailed in the closing escrow agreement in which the parties give the escrowee specific

18   written instructions on how the transaction is to be done– the escrowee is accountable to and acts

19   for the mutual benefit of all parties to the deal.  *TRW Title Ins. Co.,* at 829.

20        Plaintiff alleges Defendant made material misrepresentations that influenced him to enter into

21   real estate transactions that he otherwise would not have taken part in.  Assuming the statements are

22   true, as required for the Court to do, Plaintiff has successfully presented a claim upon which relief

23   can be granted.   Defendant's denial of inappropriate action cannot be considered upon a Fed. R.

24   Civ. P. 12(b)(6) motion.

25

26   ORDER - 3

1

2          ACCORDINGLY;

3          IT IS ORDERED:

4          (1)      Defendant's motion to dismiss for failure to state a claim upon which relief can be

5                    granted (dkt. #5) is DENIED.

6

7          DATED this   27th  day of May, 2005.

8

9                                                          _____

10                                                         FRANKLIN D. BURGESS
                                                           UNITED STATES DISTRICT JUDGE
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26    ORDER - 4